Anthony T. Case, Esq. (SBN 149583)
Tiffany L. Steward, Esq. (SBN 279978)
**FARMER CASE & FEDOR**
402 West Broadway, Suite 1100
San Diego, California  92101
Tel: (619) 338-0300 | Fax: (619) 338-0180
tcase@farmercase.com
tsteward@farmercase.com

Attorneys for Defendant
CNO SERVICES, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOHN NJOROGE<br><br>        Plaintiff,<br><br>    v.<br><br>CNO SERVICES, LLC,<br><br>        Defendant. | **CASE NO. 2:20-cv-02004**<br><br><br>**CNO SERVICES, LLC'S ANSWER TO VERIFIED COMPLAINT AND ADDITIONAL DEFENSES** |

COMES NOW Defendant, CNO Services, LLC ("CNO"), by counsel, and for its Answer to Plaintiff's Verified Complaint for 1) Bad Faith Breach of Implied Obligation of Good Faith and Fair Dealing, 2) Bad Faith Failure to Properly Investigate Claim (the "Complaint"), admits, denies, and alleges as follows:

## INTRODUCTION

1.    On June 21, 2006, Robertson Kimondo ("Mr. Kimondo") bought a Flexible Premium Index Deferred Fixed Annuity policy (''the Policy") from Defendant CNO Services, LLC ("Defendant"), then known as Conseco Insurance Company, and named his son, Plaintiff, as the sole beneficiary of the policy.

///

**ANSWER:   CNO admits issuance of the Policy on June 21, 2006, and asserts such Policy speaks for itself and should be read in its entirety. CNO denies the balance of the allegations in paragraph 1 of the Complaint.**

2.    On Mr. Kimondo established the Annuity with an initial premium payment of $50,000 and subsequent fifty-dollar monthly premium thereafter until his death.

**ANSWER:   CNO admits the initial and planned monthly contribution amounts. CNO denies the balance of the allegations in paragraph 2 of the Complaint.**

3.    At all relevant times and until April 13, 2019, Plaintiff was incarcerated in the California state prison system.

**ANSWER:   CNO is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies the allegations and demands strict proof thereof.**

4.    On May 17, 2008, Mr. Kimondo passed away.

**ANSWER:   CNO admits the allegations in paragraph 4 of the Complaint.**

5.    Pursuant to the terms of the Policy, Plaintiff was entitled to its value at the time of Mr. Kimondo's death as the sole beneficiary.

**ANSWER:   CNO denies the allegations in paragraph 5 of the Complaint.**

6.    When Plaintiff was released from prison in 2019, he submitted a claim to Defendant to obtain the benefit of the Policy that his father had taken out for him.

**ANSWER:   CNO admits receiving a claim from Plaintiff in 2019. CNO denies the remaining allegations in paragraph 6 of the Complaint.**

7.    In a letter dated August 21, 2019, Defendant refused to process Plaintiff's claim, contending that "the policy is no longer inforce [sic]."

///

**ANSWER:**      **CNO admits the language of the letter. CNO denies the remaining allegations in paragraph 7 of the Complaint.**

8.     On October 8, 2019, Plaintiff sent a formal demand through counsel to Defendant to honor the Policy and pay out the benefit to Plaintiff pursuant to its terms.

**ANSWER:**      **CNO admits receipt of the October 8, 2019 demand, which speaks for itself.**

9.     On October 15, 2019, Defendant responded by letter and indicated that they were unable to locate any record of the Policy.

**ANSWER:**      **CNO admits the allegations in paragraph 9 of the Complaint.**

10.   Upon information and belief, Defendant wrongfully and in bad faith misappropriated the value of the Policy to Plaintiff's detriment.

**ANSWER:**      **CNO denies the allegations in paragraph 10 of the Complaint.**

11.   Furthermore, upon information and belief, Defendant also failed to properly investigate Plaintiff's claim in bad faith.

**ANSWER:**      **CNO denies the allegations in paragraph 11 of the Complaint.**

## THE PARTIES

12.   Plaintiff John Njoroge is a resident of the County of Los Angeles, State of California.

**ANSWER:**      **Upon information and belief, CNO admits the allegations in paragraph 12 of the Complaint.**

13.   Defendant CNO Services, LLC is a limited liability company incorporated in the State of Indiana.

**ANSWER:**      **CNO admits the allegations in paragraph 13 of the Complaint.**

## JURISDICTION AND VENUE

14.   This Court has jurisdiction over all causes of action asserted herein because all causes of action arise out of the conduct of an insurer admitted in California and regulated by the California Department of Insurance.

**ANSWER:**   **CNO admits jurisdictional requirements have been met.**

15.   Venue is proper in this Court pursuant to Code of Civil Procedure section 395, subdivision (a) because Defendant is a foreign corporate entity.

**ANSWER:**   **CNO admits venue in this Court was proper prior to removal to the Central District of California, and further admits that it is a foreign corporate entity.**

## FACTUAL BACKGROUND

16.   On June 21, 2006, Mr. Kimondo bought the Policy (Policy No. ****2380 from Defendant and named Plaintiff as the sole beneficiary.

**ANSWER:**   **CNO admits issuance of the Policy on June 21, 2006, and asserts such Policy speaks for itself and should be read in its entirety. CNO denies the balance of the allegations in paragraph 16 of the Complaint.**

17.   The Policy was funded with an initial $50,000 premium.

**ANSWER:**   **CNO admits the initial contribution amount. CNO denies the balance of the allegations in paragraph 17 of the Complaint.**

18.   Upon information and belief, Mr. Kimondo paid subsequent monthly $50 premiums until his death.

**ANSWER:**   **CNO admits monthly $50 contributions were originally contemplated, but none were received, so CNO denies the allegations in paragraph 18 of the Complaint.**

19.   On or around June 21, 2006, Defendant sent the relevant paperwork and executed agreement to Plaintiff in prison. This was the only correspondence that Plaintiff ever received from Defendant.

///

**ANSWER:**   **CNO denies the allegations in paragraph 19 of the Complaint.**

20.   On May 17, 2008, Mr. Kimondo passed away.

**ANSWER:**   **CNO admits the allegations in paragraph 20 of the Complaint.**

21.   Defendant was required to send notice of Mr. Kimondo's death and relevant information regarding how to claim the Policy as a beneficiary. (*Westrick v. State Farm Ins.* (1982) 137 CalApp.3d 985, 692.)

**ANSWER:**   **Paragraph 21 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff was never the beneficiary of the subject Policy, nor did it mature upon Mr. Kimondo's death.**

22.   Defendant never informed Plaintiff of his rights as a beneficiary under the terms of the Policy at any time, including upon Mr. Kimondo's death.

**ANSWER:**   **CNO denies that Plaintiff was a beneficiary under the Policy. CNO admits the balance of the allegations in paragraph 22 of the Complaint.**

23.   On April 13, 2019, Plaintiff was released from prison.

**ANSWER:**   **CNO is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies the allegations and demands strict proof thereof.**

24.   On August 15, 2019, after consulting with an attorney, Plaintiff submitted the appropriate Annuity Claim Form to Defendant.

**ANSWER:**   **CNO admits receipt of the claim form, but denies that Plaintiff was a proper claimant on the Policy. CNO is without sufficient knowledge or information to form a belief as to the truth of the balance of the allegations in paragraph 24 of the Complaint and therefore denies the**

**allegations and demands strict proof thereof.**

25.   In a letter dated August 21, 2019, Plaintiff was informed by Defendant that it had "received [his] request for Beneficiary change" but was "unable to process such a request because the policy is no longer inforce [sic]."

**ANSWER:   CNO admits the allegations in paragraph 25 of the Complaint.**

26.   Plaintiff did not submit a request for Beneficiary change form to Defendant.

**ANSWER:   CNO admits the allegations in paragraph 26 of the Complaint.**

27.   Meanwhile, the term "inforce" appears to be a malapropism; the word is obviously not used correctly, if it exists at all, in Defendant's official correspondence with Plaintiff.

**ANSWER:   CNO denies the allegations in paragraph 27 of the Complaint.**

28.   Subsequently, on October 8, 2019, Plaintiff made a formal demand through counsel for the disbursement of the value of the Policy as requested in the August 15 claim.

**ANSWER:   CNO admits the allegations in paragraph 28 of the Complaint.**

29.   Defendant responded with a letter dated October 15, 2019 requesting a copy of the Policy's terms from Plaintiff.

**ANSWER:   CNO admits the allegations in paragraph 29 of the Complaint.**

30.   On October 30, 2019, Plaintiff provided a copy of the relevant Policy documents to Defendant.

**ANSWER:   CNO admits the allegations in paragraph 30 of the Complaint.**

CNO SERVICES, LLC'S ANSWER TO VERIFIED COMPLAINT AND ADDITIONAL DEFENSES

31.  In a letter dated November 6, 2019, Defendant indicated that it had received the policy documents but that "after researching both active and inactive files, [it] was unable to locate the policy you referenced."

**ANSWER:    CNO admits the allegations in paragraph 31 of the Complaint.**

32.  Defendant's November 6 response conflicts with the August 21 response: The August 21 response clearly indicates that the Policy is no longer "inforce" while the November 6 response suggests that the Policy never existed or has been lost.

**ANSWER:    CNO denies the allegations in paragraph 32 of the Complaint.**

33.  In either case, Defendant has refused to accept or even process Plaintiff's claim on the Policy.

**ANSWER:    CNO denies the allegations in paragraph 33 of the Complaint.**

34.  Defendant's conflicting responses to Plaintiff's claim are evidence of its bad faith.

**ANSWER:    CNO denies the allegations in paragraph 34 of the Complaint.**

35.  As a result of Defendant's bad faith in refusing to accept Plaintiff's claim on the Policy as its only beneficiary nor investigate the claim, Defendant has been deprived of more than $50,000 due to him under its terms.

**ANSWER:    CNO denies the allegations in paragraph 35 of the Complaint.**

36.  Now, Plaintiff seeks to recover the value of the Policy pursuant to its terms plus interest since 2008, when Mr. Kimondo passed away.

**ANSWER:    Paragraph 36 of the Complaint contains no factual allegations requiring a response. To the extent a response is required, CNO**

denies the allegations in paragraph 36 of the Complaint.

37.   Furthermore, Plaintiff seeks punitive damages and attorney's fees for Defendant's bad faith denial of his valid claim as the Policy's sole beneficiary.

**ANSWER:   Paragraph 37 of the Complaint contains no factual allegations requiring a response. To the extent a response is required, CNO denies the allegations in paragraph 37 of the Complaint.**

**FIRST CAUSE OF ACTION**

**(Bad Faith Breach of Implied Obligation of Good Faith and Fair Dealing)**

38.   Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 37, inclusive.

**ANSWER:   CNO hereby incorporates by reference its answers to paragraphs 1 through 37 of the Complaint as though fully set forth herein.**

39.   On June 21, 2006, the Policy was executed between Mr. Kimondo and Defendant, the admitted insurer, with Plaintiff named as the beneficiary.

**ANSWER:   CNO admits issuance of the Policy on June 21, 2006, and asserts such Policy speaks for itself and should be read in its entirety. CNO denies the balance of the allegations in paragraph 39 of the Complaint.**

40.   On May 17, 2008, Mr. Kimondo passed away.

**ANSWER:   CNO admits the allegations in paragraph 40 of the Complaint.**

41.   On August 15, 2019, Plaintiff submitted his claim for the Policy as the sole beneficiary.

**ANSWER:   CNO admits receipt of the claim. CNO denies Plaintiff is or ever was a beneficiary of the Policy.**

42.   On August 21, 2019, Defendant refused to process the claim, contending that "the policy is no longer inforce [sic]."

**ANSWER:   CNO denies the allegations in paragraph 42 of the Complaint.**

43.   The August 21 letter erroneously indicates that Plaintiff had submitted a beneficiary change form.

**ANSWER:   CNO admits the allegations in paragraph 43 of the Complaint.**

44.   The August 21 letter does not explain what "inforce" means or its bearing on Plaintiff's claim, if any.

**ANSWER:   CNO admits the August 21 letter does not define the word "inforce." CNO denies the balance of the allegations in paragraph 44 of the Complaint.**

45.   Upon information and belief, Defendant denied the claim out of hand and without reviewing the claim simply because it referenced a policy more than ten years old.

**ANSWER:   CNO denies the allegations in paragraph 45 of the Complaint.**

46.   Plaintiff alleges that Defendant was unreasonable in this first denial of Plaintiff's claim.

**ANSWER:   CNO denies the allegations in paragraph 46 of the Complaint.**

47.   Even after being contacted by counsel and receiving the original policy documents and agreement, Defendant still refused to process the claim, indicating in a letter dated November 6, 2019 that "[a]fter researching both active and inactive files, we were unable to locate the policy you referenced."

**ANSWER:   CNO denies the allegations in paragraph 47 of the Complaint.**

48.   After receiving the Policy documents, Defendant had no reasonable justification for refusing to pay out Plaintiff's claim.

**ANSWER:   CNO denies the allegations in paragraph 48 of the Complaint.**

49.   Therefore, Plaintiff alleges that Defendant refused to process his claim in bad faith.

**ANSWER:**   **CNO denies the allegations in paragraph 49 of the Complaint.**

50.   Now, Plaintiff seeks to recover the value of the Policy at the time of Mr. Kimondo's death in 2006 plus interest since that time.

**ANSWER:**   **Paragraph 50 of the Complaint contains no factual allegations requiring a response. To the extent a response is required, CNO denies same, and specifically denies that Mr. Kimondo died in 2006.**

51.   Additionally, Plaintiff seeks punitive damages and attorney's fees for Defendant's bad faith denial of his valid claim. (*Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 467.)

**ANSWER:**   **Paragraph 51 of the Complaint contains no factual allegations requiring a response. To the extent a response is required, CNO denies same.**

## SECOND CAUSE OF ACTION

### (Bad Faith Failure to Properly Investigate Claim)

52.   Plaintiff hereby realleges and incorporates by this reference, as though set forth in full, the allegations in paragraphs 1 through 51, inclusive.

**ANSWER:**   **CNO hereby incorporates by reference its answers to paragraphs 1 through 51 of the Complaint as though fully set forth herein.**

53.   "When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim." (*Mariscal v. Old Republic Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620).

**ANSWER:**   **Paragraph 53 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, CNO admits an obligation to investigate, which was fulfilled in this case.**

///

54.   On August 15, 2019, Plaintiff submitted his claim for the Policy as the sole beneficiary.

**ANSWER:**   **CNO admits receipt of the claim. CNO denies Plaintiff is a beneficiary of the Policy.**

55.   Four days later on August 21, 2019, Defendant responded to Plaintiff's claim by letter indicating that "the policy is no longer inforce [sic]."

**ANSWER:**   **CNO admits the allegations in paragraph 55 of the Complaint.**

56.   Upon a formal demand by counsel, Defendant responded again in a letter dated November 6, 2019, that "[a]fter researching both active and inactive files, we were unable to locate the policy you referenced.

**ANSWER:**   **CNO admits the allegations in paragraph 55 of the Complaint.**

57.   The August 15 response suggests that the Policy does exist and that Defendant does have a record of it whereas the November 6 response indicates that no record of the policy exists.

**ANSWER:**   **CNO denies the allegations in paragraph 57 of the Complaint.**

58.   The discrepancy between Defendant's responses is evidence of its bad faith and failure to investigate Plaintiff's claim.

**ANSWER:**   **CNO denies the allegations in paragraph 58 of the Complaint.**

59.   Because of Defendant's failure to properly investigate Plaintiff's claim, Plaintiff has not been able to claim the value of the Policy that Mr. Kimondo meant for him.

**ANSWER:**   **CNO denies the allegations in paragraph 59 of the Complaint.**

60.   Now, Plaintiff seeks to recover the value of the Policy at the time of Mr.

Kimondo's death in 2006 plus interest since that time.

**ANSWER:**   **Paragraph 60 of the Complaint contains no factual allegations requiring a response. To the extent a response is required, CNO denies same, and specifically denies that Mr. Kimondo died in 2006.**

61.   Additionally, Plaintiff seeks punitive damages and attorney's fees for Defendant's bad faith denial of his claim. (*Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 467.)

**ANSWER:**   **Paragraph 61 of the Complaint contains no factual allegations requiring a response. To the extent a response is required, CNO denies same.**

**ANY ALLEGATIONS NOT SPECIFICALLY ADMITTED BY CNO ARE HEREBY DENIED.**

**AS ADDITIONAL DEFENSES TO THE COMPLAINT
AND AS TO EACH PURPORTED CAUSE OF ACTION,
THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

**FIRST ADDITIONAL DEFENSE**

1.   Plaintiffs' Complaint fails to state a claim against CNO upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

2.   At all times in the course of its dealings with Plaintiff, CNO acted reasonably, fairly and in good faith and in conformity with the terms and conditions of any policies or agreements.

**THIRD ADDITIONAL DEFENSE**

3.   CNO hereby raises the terms and conditions of the subject policy and all supporting or related documents, and all defenses available and/or promulgated thereunder, and avers further that Plaintiff's claims are barred and/or diminished by operation of the contractual agreement by and between the parties including any documents and/or application for coverage made a part of the policy.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH ADDITIONAL DEFENSE

4.   The entire value of the Policy was withdrawn by Plaintiff's authorized representative, and the Policy was thereby cancelled and terminated.

## FIFTH ADDITIONAL DEFENSE

5.   Plaintiff has failed to mitigate his alleged damages, injuries and losses, if any.

## SIXTH ADDITIONAL DEFENSE

6.   All claims for punitive damages under the facts alleged would violate the U.S. and California Constitutions' guaranties of Due Process, Equal Protection and/or freedom from the imposition of excessive fines.

## SEVENTH ADDITIONAL DEFENSE

7.   CNO has at all times acted in reasonable reliance on the terms of the alleged policies or agreements, and has fully performed its obligations under the subject policy or other contractual agreement.

## EIGHTH ADDITIONAL DEFENSE

8.   CNO complied with all applicable laws of California and/or any other relevant jurisdictions.

## NINTH ADDITIONAL DEFENSE

9.   Plaintiff's own negligence contributed to his alleged damages, injuries and losses, and he is comparatively at fault.

## TENTH ADDITIONAL DEFENSE

10. CNO's alleged actions were not the proximate cause of the Plaintiff's alleged damages, injuries and losses.

## ELEVENTH ADDITIONAL DEFENSE

11. To the extent that Plaintiff suffered any injuries and/or damages, all such injuries and/or damages being specifically denied, such injuries and/or damages were caused by conditions or events or persons beyond CNO's control, including potential superseding and/or intervening acts and/or omissions on the part of those

over whom CNO had neither control nor the right to control.

## TWELFTH ADDITIONAL DEFENSE

12. Plaintiff's Complaint, and each cause of action in that Complaint, failed to state facts sufficient to warrant the recovery of attorney's fees against CNO.

## THIRTEENTH ADDITIONAL DEFENSE

13. The conduct of CNO in this matter was neither vexatious nor unreasonable and, accordingly, does not merit or justify an award of attorney's fees.

## FOURTEENTH ADDITIONAL DEFENSE

14. The conduct of CNO in this matter does not rise to the level of willful misconduct and, accordingly, does not merit or justify an award of punitive damages.

## FIFTEENTH ADDITIONAL DEFENSE

15. CNO has not breached any duty to Plaintiff.

## SIXTEENTH ADDITIONAL DEFENSE

16. CNO is informed and believes that that the causes of action alleged in Plaintiff's Complaint are barred by the applicable statute(s) of limitations, including but not limited to *Code of Civil Procedure* §§ 335.1, 338, and/or 339.

## SEVENTEENTH ADDITIONAL DEFENSE

17. CNO is informed and believes that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

## EIGHTEENTH ADDITIONAL DEFENSE

18. CNO alleges that its liability, if any, for non-economic loss, if any, be prorated according to the provisions of *California Civil Code* § 1431.2(a).

## NINETEENTH ADDITIONAL DEFENSE

19. CNO reserves the right to assert additional defenses revealed in the course of discovery.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE, having answered the Plaintiff's Verified Complaint for (1) Bad Faith Breach of Implied Obligation of Good Faith and Fair Dealing and (2) Bad Faith Failure to Properly Investigate Claim, Defendant CNO Services, LLC asks that Plaintiff take nothing by way of his Complaint, that the case be dismissed and judgment be rendered for CNO, and that CNO be awarded all costs, attorneys' fees and such other relief as the Court may deem just and equitable in the premises. CNO reserves leave to amend this Answer to allege any additional defenses or affirmative defenses which investigation and discovery may reveal.

Dated this 6th day of March, 2020.

**FARMER CASE & FEDOR**

By:    */s/ Anthony T. Case*
          ANTHONY T. CASE, ESQ.
          TIFFANY L. STEWARD, ESQ.
          Attorneys for Defendant
          CNO SERVICES, LLC

---

**Case Name:** *Njoroge v. CNO Services, LLC*
**United States District Court, Central District: 2:20-cv-2004 AS**

## <u>DECLARATION OF SERVICE</u>

I hereby declare as follows:

I am, and was at the time of service of the papers referred to herein, over the age of eighteen (18) years, not a party to the action, and employed in the County of San Diego, State of California.  My business address is 402 W. Broadway, Suite 1100, San Diego, California  92101.

I caused to be served the following document(s):

1. **CNO SERVICES, LLC'S ANSWER TO VERIFIED COMPLAINT AND ADDITIONAL DEFENSES**

of which THE ORIGINAL DOCUMENT OR A TRUE AND CORRECT COPY is attached hereto, addressed to each such addressee respectively as follows:

Peter Borenstein, Esq.          **COUNSEL FOR PLAINTIFF**
P.O. Box 885                    **JOHN NJOROGE**
Culver City, CA 90232
(213) 362-8740
Fax: (877) 460-3681
peter@brnstn.org

☑ **BY CM/ECF:**  I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send an email notification of such filing to the person(s) so designated above.

☐ **BY U.S. MAIL:**  I placed each sealed, prepaid envelope for collection and mailing at 402 W. Broadway, San Diego, California, 92101.  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.

☐ **BY OVERNIGHT MAIL:**  I caused said document(s) to be deposited in a box or other facility regularly maintained by an express service carrier providing overnight delivery in an envelope or package designated by the express service carrier with delivery fees paid or provided.

☐ **BY PERSONAL SERVICE**:  I caused such document(s) to be hand-delivered to the person(s) served hereunder.  A separate Proof of Personal Service will be provided.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed March 6, 2020.

*/s/ Christina Fedor*
Christina Fedor