Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
JOHN NJOROGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NJOROGE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CNO SERVICES, LLC,<br><br>　　　　　Defendant. | Case No. 2:20-cv-02004 PSG (JEMx)<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:　　　　　　June 1, 2020<br>Time:　　　　　　1:30 pm<br>Courtroom:　　　6A<br>Judge:　　　　　Hon. Philip S. Gutierrez.<br><br>Action Filed:　　　January 28, 2020<br>Notice of Removal: February 28, 2020 |

\\
\\
\\

# SUMMARY OF ARGUMENT

After a careful consideration of the potential recovery in this case, Plaintiff John Njoroge ("Plaintiff") intentionally alleged $50,000 in damages, an amount in controversy well below the $75,000 threshold to invoke federal diversity jurisdiction, and filed his complaint in state court. As such, he is entitled to his choice of forum and this Court should grant the instant motion to remand.

In its opposition to Plaintiff's motion to remand, Defendant CNO Services, LLC ("Defendant") continues to apply the wrong legal standard to the complaint to justify its decision to seek removal, ignoring specific allegations and relying on inapplicable authority for the argument that it met a more lenient burden for removal in matters where the amount in controversy is not immediately apparent from the face of the complaint. Defendant's argument is unsupported by any authority that applies to a complaint that, as here, specifically and intentionally alleges an amount of damages below the jurisdictional minimum. Therefore, this Court should grant Plaintiff's motion to remand and award attorney's fees to Plaintiff as against Defendant.

# ARGUMENT

**1. This Court Should Remand This Case Back to Plaintiff's Chosen Forum Given His Specific Allegations of Damages Below the Jurisdictional Minimum.**

The sum claimed in the complaint controls for purposes of jurisdiction absent a showing of bad faith in alleging the amount of controversy. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). In his complaint, Plaintiff alleged $50,000 in damages given his understanding that his father funded an annuity with that amount and named Plaintiff as the beneficiary. Plaintiff chose Los Angeles Superior Court as his chosen forum by alleging a specific amount in damages. Defendant does not argue that Plaintiff alleged $50,000 in bad faith nor would it be able to prove such an argument. Therefore, Defendant had no reasonable basis to remove the matter to federal court and this Court should grant Plaintiff's motion to remand and award attorney's fees as against Defendant pursuant to 28 U.S.C. § 1447(c).

**A.   Defendant's Argument Has No Reasonable Basis.**

Defendant continues to argue incorrectly that it can prove removal was proper by a preponderance of the evidence. (Opposition at 3-4.) This standard, and the taking of evidence related to removal in general, only applies in the context of a complaint that does not

specifically allege a dollar amount for damages. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Plaintiff alleged recovery of $50,000 in the *ad damnum* of his complaint, reprinted verbatim in Defendant's opposition. (*See* Opposition at 2.) Despite a numerical figure in the *ad damnum* that is below the jurisdictional minimum and which was specifically included by Plaintiff to indicate his chosen forum, Defendant argues without any authority that the use of the word "estimated" or the lack of the phrase "amount in controversy" somehow renders the amount in controversy unclear. (*Id*. at 3). These arguments are not supported by case law and run contrary to common sense.

Indeed, every case that Defendant has cited in support of its argument deals with a complaint where the court determined that the amount in controversy was not clear from its face; Defendant has not cited a single case that can be analogized to the instant matter where Plaintiff purposefully alleged damages in the amount of $50,000 in his state court complaint. Given that Defendant has no authority to support its argument and that it mischaracterizes the complaint in an attempt to obtain a more favorable outcome, this Court should grant Plaintiff's motion and award attorney's fees as against Defendant.

**B.    Even if Plaintiff Had Not Specifically Alleged Damages Below the Jurisdictional Minimum, Attorney's Fees Will Not Be Considered in Determining the Amount in Controversy.**

Even if Plaintiff's complaint did not specifically allege $50,000 in damages, potential recovery of attorney's fees would not be considered to determine the amount in controversy given that the parties have not identified "a statute [that] authorizes fees to a successful litigant." *Goldberg v. CPC Intern., Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). Defendant attempts to overcome this well settled authority by misreading *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) for the incorrect proposition that "future probable attorney fees recoverable under claims alleged are included in the amount in controversy." (Opposition at 4). *Fritsch* is another case where the court found that the amount in controversy is not apparent from the face of the complaint, making the analysis entirely different and not applicable to this case. *Id*. at 793. However, even if *Fritsch* were on point, the court makes clear in the first paragraph of the opinion that "[w]e conclude that if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and

should be included in the amount in controversy." *Id*. at 788. The parties have not identified a statute or contract under which attorney's fees may be recovered. Therefore, their potential recovery will not be considered for purposes of a diversity jurisdiction analysis.

Alternatively, Defendant argues for the first time in its opposition that so-called "*Brandt* fees" should be considered to boost Plaintiff's specific allegation of $50,000 beyond the jurisdictional minimum. (Opposition at 4). And while there is authority to support treating *Brandt* fees as compensatory damages for purposes of finding diversity jurisdiction, there is no authority for the proposition that such a consideration can overcome the specific allegation of damages in a complaint that is far below the jurisdictional threshold.

In support of its *Brandt* fees argument, Defendant cites to another unreported case that is not analogous to the instant matter, *Gonzalez v. General Ins. Co. of America,* 2019 WL 698057 (C.D. Cal. 2019). However, even in *Gonzalez*, the court ultimately held that *Brandt* fees cannot be in included in computing the amount in controversy where uncertainty remains as to whether the "Brandt claim will be based on the billing rate, as opposed to a reasonable rate, or some other calculation, and it is likewise [Defendant's] pure speculation that the hours attributable to collection of policy benefits (the only attorneys' hours as to which fees may be available under *Brandt*) will approach the jurisdictional limit." *Id*. at *3. Therefore, assuming that Plaintiff will be able to recover *Brandt* fees, Defendant still cannot establish with any certainty that Plaintiff will be entitled to more than the difference between the specific amount alleged in the complaint and the jurisdictional minimum, although it spends a great deal of its brief speculating as to what might be recoverable in a variety of scenarios and under different fee arrangements. (*See* Opposition at 4-5).

Finally, Defendant argues that potential recovery of punitive damages and "emotional distress damages" should be taken into consideration to determine the amount in controversy for purposes of finding diversity jurisdiction. (Opposition at 6). As an initial matter, Defendant has not alleged that he suffered emotional distress as a result of Defendant's conduct. Meanwhile, that Defendant seems to welcome an award of punitive damages to avoid litigating in state court is further evidence of how it lacked a reasonable basis to remove the matter in the first place. Therefore, this Court should grant Plaintiff's motion to remand and award attorney's fees to Plaintiff as against Defendant.

## **CONCLUSION**

For the reasons stated above, this Court should grant Plaintiff's motion to remand and return the matter to Plaintiff's chosen forum of Los Angeles Superior Court. Furthermore, this Court should award attorney's fees to Plaintiff as against Defendant given the specific allegations in the complaint.

Respectfully submitted,

Dated:   5/18/20                                                  By:  _____

Peter Borenstein
Attorney for Plaintiff
JOHN NJOROGE