UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2004 PSG (JEMx) | Date | May 22, 2020 |
|---|---|---|---|
| Title | John Njoroge v. CNO Services, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand

Before the Court is Plaintiff John Njoroge's ("Plaintiff") motion to remand. *See* Dkt. # 12 ("*Mot.*"). Defendant CNO Services, LLC opposes the motion, *see* Dkt. # 15 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 16 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing and reply papers, the Court **DENIES** the motion.

I. Background

This case involves the alleged bad faith breach of an annuity policy. Plaintiff, a citizen of California, seeks to hold Defendant, a citizen of Indiana, liable for bad faith in its failure to honor an annuity policy issued for Plaintiff's father's life, on which Plaintiff is the beneficiary. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), Ex. 1 ("*Compl.*"), ¶¶ 12–13. Plaintiff asserts causes of action for bad faith breach of the implied obligation of good faith and fair dealing and bad faith for failure to properly investigate claim. *Id.* ¶¶ 38–61. Plaintiff seeks the following: (1) recovery of the value of the annuity at the time of his father's death, estimated to be $50,000 plus interest since 2008; (2) punitive damages; (3) reasonable costs and attorneys' fees; (4) any other compensatory, general, special, and consequential damages. *See Compl.* at 6.

Defendant removed the action to this Court on February 28, 2020. *See generally NOR*. Plaintiff now moves to remand, arguing that the case does not meet the amount in controversy requirement. *See generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2004 PSG (JEMx) | Date | May 22, 2020 |
|---|---|---|---|
| Title | John Njoroge v. CNO Services, LLC | | |

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

An action is removable on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a) when there is (1) complete diversity of citizenship between the named plaintiff(s) and defendant(s), and (2) the amount in controversy for at least one named plaintiff plausibly exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969) (stating that only the citizenship of the named class representatives must be diverse from that of the defendants); *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."). In cases where a plaintiff's state court complaint does not specify an exact figure for damages or the amount in controversy is not facially evident from the complaint, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A defendant must prove it is "more likely than not" that the jurisdictional threshold is met. *Id.* Defendants are not obligated to "research, state, and prove the plaintiffs' claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal.) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)). However, a defendant "cannot establish removal jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2004 PSG (JEMx) | Date | May 22, 2020 |
|---|---|---|---|
| Title | John Njoroge v. CNO Services, LLC | | |

by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

III.　Discussion

The parties agree that diversity of citizenship is not at issue. *See Mot.* 4; *Opp.* 2. Instead, they dispute whether the amount in controversy exceeds $75,000. *See generally Mot.*; *Opp.* Plaintiff's primary argument is that because his complaint specifically alleges that $50,000 is in controversy, that figure controls the amount in controversy analysis and makes remand appropriate. *See Mot.* 3–5. Defendant responds that Plaintiff put more than $50,000 into controversy because the policy's current value is $63,864.55, and Plaintiff also seeks punitive damages, attorneys' fees, and any other applicable damages. *See Opp.* 3–6 (citing *Compl.* at 6).

As an initial matter, Plaintiff puts more than $50,000 in controversy. In his complaint, Plaintiff does not limit his relief to $50,000 given that he also seeks punitive damages, attorneys' fees, and "any other compensatory, general, special, and consequential damages against Defendant." *See Compl.* at 6. Although "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," Plaintiff's complaint does not include a definite sum. *See Ibarra*, 775 F.3d at 1197. Therefore, the Court does not accept Plaintiff's contention that "Defendant had no reasonable basis to remove this matter" based on the amount in controversy because Plaintiff explicitly seeks more than $50,000 in his complaint. *See Mot.* 3:4–5.

The Court next calculates the amount in controversy, examining the current value of the annuity and then evaluating Plaintiff's other claimed damages in turn.

　　A.　Value of the Annuity

To calculate the amount in controversy, the Court starts with the claimed amount under the annuity. Plaintiff claims that the value of the annuity at the time of Mr. Kirnondo's death is estimated at $50,000, plus interest since 2008. *See Compl.* at 6. The Court notes that for purposes of establishing jurisdiction, the diversity statute generally prohibits inclusion of the "interest and costs" in calculating the amount in controversy. 28 U.S.C. § 1332(a). However, the Supreme Court has held that courts may include interest when determining the amount in controversy if the interest is calculated "as an instrumentality in arriving at the amount of damages to be awarded on the principal demand." *Brown v. Webster*, 156 U.S. 328, 329 (1895); *see also Xerox Corp. v. CBG Legal, Inc.*, No. CV 14-08948 SJO MRW, 2015 WL 13309101, at *3 (C.D. Cal. Apr. 16, 2015) (citing *Brown*, 156 U.S. at 329).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2004 PSG (JEMx) | | Date | May 22, 2020 |
|---|---|---|---|---|
| Title | John Njoroge v. CNO Services, LLC | | | |

In this case, the interest sought is an instrumentality of the annuity because the annuity provided for a guaranteed rate of return both while the owner was still alive, and even after the owner's death. *See Declaration of David Rikkers*, Dkt. # 1-4 ("*Rickkers Decl.*"), ¶ 6. Therefore, because it is not interest that accrued due to a delay in payment, it falls within the *Brown* exception. *See id.*; *Xerox Corp.*, 2015 WL 13309101, at *3. Defendant submits undisputed evidence that the current value of the policy, including this interest, totals $63,864.55. *See Rikkers Decl.* ¶ 6. As such, the Court calculates the value of the policy at **$63,864.55** for purposes of the amount in controversy.

      B.      <u>Attorneys' Fees, Punitive Damages, and Other Claimed Damages</u>

The annuity's value leaves a $11,136.45 gap to meet the $75,000 threshold. Plaintiff seeks attorneys' fees and punitive damages, which are also included in the amount in controversy for establishing diversity jurisdiction. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *James Dickey, Inc. v. Alterra Am. Ins. Co.*, No. 2-15-CV-00963 ODW DTB, 2015 WL 4537732, at *3 (C.D. Cal. July 27, 2015) (holding that California courts may consider attorneys' fees as part of the amount in controversy when they are expended to obtain benefits due under an insurance policy) (citing *Brandt v. Super. Ct.*, 37 Cal. 3d 813, 815 (1985)).

The Court concludes that a combination of attorneys' fees and punitive damages fill the gap to meet the $75,000 threshold. For example, Defendant provides evidence that Plaintiff's attorneys' fees alone would close the gap if he bills a mere thirty-two hours on this matter at his $350 per hour rate.[1] *See Declaration of Peter Borenstein*, Dkt. # 12-2 ("*Borenstein Decl.*"), ¶ 9. Plaintiff does not offer evidence to the contrary, nor does he establish that his request for attorneys' fees, punitive damages, and "any other compensatory, general, special, and consequential damages" will not exceed $11,136.45, or $75,000 in the aggregate. *See Cal. Spine & Neurosurgery Inst. v. Health Care Serv. Corp.*, No. CV-19-04506 DSF SKX, 2019 WL 3219136, at *2 (C.D. Cal. July 16, 2019) (assuming that the plaintiff's request for attorneys' fees, punitive damages, and other damages would bridge an $8,388.15 gap in the amount in controversy).

Accordingly, the Court **DENIES** the motion to remand.

---

[1] Alternatively, viewed on a contingency basis, the $11,136.45 gap is also about 17.5% of $63,864.55, the total policy amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2004 PSG (JEMx) | Date | May 22, 2020 |
|---|---|---|---|
| Title | John Njoroge v. CNO Services, LLC | | |

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the motion to remand.

**IT IS SO ORDERED.**