Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
JOHN NJOROGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NJOROGE,<br><br>        Plaintiff,<br><br>vs.<br><br>CNO SERVICES, LLC,<br><br>        Defendant. | Case No. 2:20-cv-02004 PSG (JEMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br>Date:          November 9, 2020<br>Time:          1:30 pm<br>Courtroom:    6A<br>Judge:       Hon. Philip S. Gutierrez.<br><br>Action Filed:   January 28, 2020<br>Notice of Removal: February 28, 2020 |

## INTRODUCTION

Pursuant to Rule 20 of the Federal Rules of Civil Procedure, Plaintiff John Njoroge ("Plaintiff") seeks to join his sister, Caroline Kimondo ("Ms. Kimondo"), as a defendant in this case after learning of her breach of fiduciary duty from Defendant CNO Services, LLC ("CNO Services"). Ms. Kimondo is a California resident and joining her as a defendant will destroy complete diversity between

the parties. Therefore, Plaintiff also seeks remand to Los Angeles Superior Court pursuant to 28 U.S.C. 1447(e) to allow for the just adjudication of this case, to afford him complete relief with respect to the defendants, and to avoid a multiplicity of lawsuits concerning the same transaction or occurrence and which share common questions of fact.

## BACKGROUND

On January 28, 2020, Plaintiff filed the original complaint in Los Angeles Superior Court against CNO Services, alleging bad faith breach of the implied obligation of good faith and fair dealing and failure to investigate his insurance claim, and seeking $50,000 in damages plus attorney's fees and punitive damages. Borenstein Decl., ¶ 4. On February 28. 2020, CNO Services filed a Notice of Removal, alleging that the matter should be removed to federal court on the basis of diversity jurisdiction. Dkt. No. 1.

On April 23, 2020, Plaintiff filed a motion to remand the case to Los Angeles Superior Court, arguing that by intentionally filing the matter in Los Angeles Superior Court and purposefully alleging $50,000 in damages, there was no reasonable basis to remove the matter to federal court. Dkt. No. 12. On May 22, 2020, this Court denied Plaintiff's motion, holding that Plaintiff's prayer for attorney's fees and punitive damages brought the amount in controversy above the jurisdictional threshold and the exercise of diversity jurisdiction was proper. Dkt. No. 17.

On June 17, 2020, Plaintiff sent a "meet and confer" email regarding settlement to counsel for CNO Services, Anthony T. Case. Exh. A. On June 18, 2020, Attorney Case rejected the settlement offer and informed Plaintiff "[t]he value of the Annuity was completely paid out in 2010 to Mr. Njoroge's POA[,]" Ms. Kimondo. Exh. B. CNO Services' admission that the annuity was paid to someone other than Plaintiff is dispositive evidence of its breach of the implied

obligation of good faith and fair dealing and its failure to investigate Plaintiff's claim.

## LEGAL STANDARD

Once the time has elapsed for amending the pleading as a matter of a course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2).  New defendants may be joined to the action after leave to amend is granted where "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; . . . and any question of law or fact common to all defendants will arise in the action." F.R.C.P. 20(a)(2)(A) and (B).

Upon joining a nondiverse defendant under Rule 20, the Court may remand the case for lack of subject matter jurisdiction. *Desert Empire Bank v. Insurance Co. of North* America, 623 F.2d 1371, 1376 (9th Cir. 1980).  "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT – NJOROGE V. CNO SERVICES, LLC

3

"[I]n exercising the discretion provided by Rules 15 and 20, courts have shown strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank v. Insurance Co. of North* America, *supra*, 623 F.2d at pp. 1375-1376; *see League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) ("We start with the premise that [Rule 20] regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."); *see also Foman v. Davis*, 371 U.S. 178, 182 ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.).

## ARGUMENT

1.  **Plaintiff's Claims Against CNO Services and Ms. Kimondo Share The Same Transaction or Occurrence and Common Questions of Fact.**

"Federal Rule of Civil Procedure 20(a) permits joinder if: (1) the claims against each defendant arise out of the same transaction or occurrence or, as stated by the Ninth Circuit, the same 'series of transactions or occurrences'; and 'there are common questions of law or fact.'" *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*, 99 F.Supp.3d 1110, 1187 (C.D. Cal. 2015). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

Here, Plaintiff's claims arise from his interest in an annuity policy that his father bought for him in 2006. Complaint at p. 1. The original claims against CNO Services derive from the terms of the annuity policy as sold to Plaintiff's father by a predecessor entity, Conseco Insurance Company. *Id*. Likewise, the claims

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT – NJOROGE V. CNO SERVICES, LLC

4

against Ms. Kimondo arise from newly discovered information provided by CNO Services that she breached her fiduciary duty to Plaintiff as his attorney-in-fact by converting the value of the annuity policy without his knowledge or consent. Exh. B. The claims against both defendants arise from the same transaction or occurrence and share common questions of fact. Therefore, the Court should grant leave to amend the complaint and join Ms. Kimondo, a California resident, as a defendant.

**2.     Justice Requires Remand.**

Plaintiff's second cause of action against CNO Services alleges that it failed to investigate his claim to the annuity policy. Complaint at p. 5. Indeed, before this lawsuit was filed, CNO Services provided conflicting and erroneous information to Plaintiff regarding the status of the annuity policy, the existence of the annuity policy, and the validity of his claim to it. Complaint at p. 3. It was only until after Plaintiff filed this lawsuit, its subsequent removal to federal court, and the transmittal of a settlement offer, did CNO Services finally reveal that the annuity policy was claimed by his attorney-in-fact, Ms. Kimondo, in 2010. Exh. B.

Had CNO Services upheld its duty to investigate Plaintiff's claim when he initially submitted it on August 21, 2019, there would have been no need for this lawsuit and Plaintiff could have proceeded solely against Ms. Kimondo for breach of fiduciary duty. Instead, CNO Services denied Plaintiff's claim without conducting any investigation or providing him with information that it had regarding the annuity policy. Moreover, having revealed this new information to Plaintiff after the lawsuit was filed, CNO Services has provided dispositive evidence of its failure to investigate and its breach of the implied obligation of good faith and fair dealing.  Therefore, justice requires that Ms. Kimondo be joined as a defendant and the matter remanded to state court to allow Plaintiff the

opportunity to obtain complete relief and to avoid multiple lawsuits concerning his father's annuity policy.

None of the factors that might mitigate against joinder and remand are present here: First, Plaintiff is not seeking to join Ms. Kimondo to defeat federal jurisdiction. Indeed, until CNO Services revealed the above information to him, Plaintiff was not aware of his sister's malfeasance or of her possible inclusion in this matter as a defendant. Second, Plaintiff has not been dilatory in seeking leave to amend the complaint; the deadline to add parties is September 10, 2020. Dkt. No. 20. Finally, Plaintiff will be significantly injured if amendment and remand are not permitted by the Court as he will be forced to maintain two lawsuits in two jurisdictions to obtain the value of the annuity policy that his father intended for him, both of which will share common questions of fact and where there is dispositive evidence to support each of his claims against both defendants. Therefore, this Court should grant Plaintiff leave to amend the complaint, join Ms. Kimondo as a defendant, and remand the matter to Los Angeles Superior Court.

## **CONCLUSION**

For the above stated reasons, this Court should grant Plaintiff's motion for leave to amend, adopt the attached proposed First Amended Complaint joining Ms. Kimondo as a defendant, and remand the matter to Los Angeles Superior Court for lack of subject matter jurisdiction.

Respectfully submitted,

Dated:   9/3/20                              By:_____

                                             Peter Borenstein

                                             Attorney for Plaintiff

                                             JOHN NJOROGE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT – NJOROGE V. CNO SERVICES, LLC

6