# DECLARATION OF PETER BORENSTEIN

I, PETER BORENSTEIN, declare:

1.  I am the attorney of record for Plaintiff John Njoroge ("Plaintiff") in the above entitled action. I make this declaration in support of Plaintiff's motion for leave to amend the complaint. I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could and would competently testify to these matters.

2.  Attached hereto as Exhibit A is a true and correct copy of a "meet and confer" email I sent to counsel for Defendant, Anthony T. Case, regarding a settlement offer made on behalf of my client.

3.  Attached hereto as Exhibit B is a true and correct copy of Attorney Case's response to the "meet and confer" email, rejecting our settlement offer, and revealing that the value of the annuity policy was paid out to Carolina Kimondo as Plaintiff's attorney-in-fact in 2010.

4.  On January 28, 2020, I filed Plaintiff's complaint in Los Angeles Superior Court against CNO Services, LLC ("Defendant") alleging two causes of action: Bad Faith Breach of Implied Obligation of Good Faith and Fair Dealing and Bad Faith Failure to Properly Investigate Claim

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 3rd day of September 2020, at Los Angeles, California

By:_____

Peter Borenstein
Attorney for Plaintiff
JOHN NJOROGE

**EXHIBIT A**



Law Office
P.O. Box 885
Culver City, CA 90232
213-362-8740 (tel)
877-460-3681 (fax)
peter@brnstn.org

June 17, 2020

Anthony T. Case, Esq.
Farmer Case & Fedor
402 W. Broadway, Ste. 1100
San Diego, CA 92101

RE: Njoroge v. CNO Services, LLC (2:20-cv-02004-AS)

Counsel:

    My client has authorized me to begin settlement negotiations should your client be amenable.

    My client is willing to dismiss this case with prejudice in exchange for payment by Defendant CNO Services, LLC of $63,864.55.00, the value of his father's annuity with interest since 2008 as calculated in Defendant's Notice of Removal. Should the parties resolve the case through settlement, Plaintiff will not pursue recovery of attorney's fees or punitive damages against Defendant.

    Plaintiff's settlement offer will remain open for fourteen days from the date of this letter. Please let me know if you'd like to schedule a time to discuss Plaintiff's settlement offer or a proposed counteroffer from Defendant.

    Thank you.

Peter Borenstein, Esq.

**EXHIBIT B**



**Please Reply To:**

*San Diego Office*
402 W. Broadway, Suite 1100
San Diego, CA  92101-8542
Telephone: (619) 338-0300
Facsimile: (619) 338-0180

June 18, 2020

<u>Sent Via Email Only</u><br>
peter@brnstn.org

Peter Borenstein, Esq.
P.O. Box 885
Culver City, California

Re:   ***Njoroge v. CNO Services, LLC**, et al.*
      Case No.         2:20-cv-02004-AS
      Our File No.:   96.11131

Mr. Borenstein:

    Thanks for your settlement demand.  Bankers Life did not actually calculate any value for the subject annuity in its Removal papers.  If you will read carefully, particularly paragraph 5 of Mr. Rikkers' Declaration, you will see the value given is purely hypothetical based on the erroneous description of the annuity in the Complaint.  The Annuity was actually owned by your client and he was the annuitant.  His father was the beneficiary. The value of the Annuity was completely paid out in 2010 to Mr. Njoroge's POA so has not existed on Bankers Life's books in almost 10 years.

    As such, Bankers Life must reject your demand and will proceed to vigorously defend the matter in federal court.

Very truly yours,

**FARMER CASE & FEDOR**

*Anthony T. Case*

Anthony T. Case, Esq.

ATC:paf