Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
JOHN NJOROGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NJOROGE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CNO SERVICES, LLC,<br><br>　　　　Defendant. | Case No. 2:20-cv-02004 PSG (JEMx)<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:　　　　　November 9, 2020<br>Time:　　　　　1:30 pm<br>Courtroom:　　6A<br>Judge:　　　　Hon. Philip S. Gutierrez<br><br>Action Filed:　　　　January 28, 2020<br>Notice of Removal: February 28, 2020 |

## SUMMARY OF ARGUMENT

Defendant CNO Services, LLC's ("Defendant") narrow application of the rule for permissive joinder of a non-diverse defendant in opposition to Plaintiff John Njoroge's ("Plaintiff") motion for leave to amend the complaint belies a willful misunderstanding of the Federal Rules of Civil Procedure and 28 U.S.C.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT – NJOROGE V. CNO SERVICES, LLC

1

1447(e). Indeed, Defendant's misguided arguments to remain in federal court while forcing Defendant to pursue a separate lawsuit against his sister, Caroline Kimondo, further highlights its bad faith. Defendant has already shown that it is liable as a matter of law under the original complaint; had it upheld its duty to Plaintiff and informed him of Ms. Kimondo's misconduct at the first opportunity, this lawsuit against Defendant would have never been filed. Therefore, this Court should grant the instant motion, join Ms. Kimondo as a defendant, and remand the matter to Los Angeles Superior Court for lack of subject matter jurisdiction.

## ARGUMENT

**1. Defendant's Accusation That Plaintiff Applied the Wrong Legal Standard is Incorrect and Further Highlights its Bad Faith.**

Section 28 U.S.C. 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Other than this bare description of the Court's discretion with regard to joining non-diverse defendants, Section 1447(e) does not put forth the standard to determine whether to grant a motion for leave to amend the complaint, join a non-diverse party, and remand the matter if necessary; this analysis is provided by case law and was correctly cited by Plaintiff. *See* Motion at 3 (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980)).

Defendant incorrectly argues that Plaintiff applied the wrong legal standard in his motion for leave to amend. Opposition at 2. Nevertheless, Plaintiff made it abundantly clear on the first page of his brief that he seeks to permissively join Ms. Kimondo as a defendant to this action pursuant to Rule 20(a). Motion at 1. At times, Defendant seems confused by the difference between Rule 19 and Rule 20 of the Federal Rules of Civil Procedure and the respective applicability of either

rule to the instant matter. *See* Opposition at 3 (applying Rule 19(a) to the instant matter). Ultimately though, the main inquiry under Rule 20 is whether the claims against the Defendants share the "same transaction or occurrence" and "common questions of law or fact."

Where the analysis involves permissive joinder of a non-diverse defendant that would destroy diversity jurisdiction, the court must also apply the factors enumerated in the parties' briefs. *Desert Empire Bank v. Insurance Co. of North America, supra,* 623 F.2d at 1375; *see* Motion at 3; *see also* Opposition at 3. Therefore, despite Defendant's incorrect accusation to the contrary, the parties applied the same legal standard to the instant matter and, of course, reached opposite conclusions. Defendant's misapprehension of the Federal Rules of Civil Procedure highlights the extent to which Defendant will misdirect the attention of the Court and focus on an incorrect conclusion of law to remain in federal court. On this point alone, the Court should grant the instant motion as it is further evidence of Defendant's bad faith in this action and the need for the matter to continue in state court to afford Plaintiff complete relief.

**2.     Plaintiff Would Have Never Sued Defendant Had It Upheld Its Duty and Informed Him of Ms. Kimondo's Misconduct.**

Plaintiff initiated this action because he received entirely incorrect and conflicting information from Defendant regarding his father's annuity. Complaint at 1. Plaintiff's goal has always been to understand what happened to the value of the annuity, of which he was a beneficiary, and obtain that value as his father intended. Complaint at 3. Defendant's claim against Ms. Kimondo only accrued when he received documentary evidence in June 2020 from Defendant, attached to the underlying motion as Exhibit B, that she had withdrawn the value of the

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT – NJOROGE V. CNO SERVICES, LLC

3

annuity as his attorney-in-fact and without his consent.[1] Had Defendant provided this information to Plaintiff when he first inquired about the annuity in August 2019 then he would have proceeded to file this action solely against Ms. Kimondo in state court. However, Defendant did not uphold its duty to Plaintiff and wholly failed to investigate his claim. Complaint at 4. Instead, Defendant provided incorrect, misleading, and conflicting information regarding the annuity to Plaintiff, requiring him to file this lawsuit to ultimately obtain the information he should have received more than a year ago. Complaint at 4-5. Therefore, the claims against Defendant and Ms. Kimondo share the same transaction or occurrence and common questions of fact and the Court should grant the instant motion, join Ms. Kimondo as a defendant, and remand the matter to Los Angeles Superior Court.

### 3. To Conserve Judicial Resources and Avoid Prejudice to Plaintiff, this Court Should Join Ms. Kimondo as Defendant and Remand the Case to Los Angeles Superior Court.

Permissive joinder "is to be construed liberally 'in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.' Indeed, under the federal rules, 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Armstead v. City of Los Angeles*, 66 F.Supp.3d 1254, 1262 (C.D. Cal. 2014), citations omitted. Not only does this approach towards permissive joinder promote efficiency and the conservation of judicial resources, it also serves to prevent undue prejudice to both parties.

---

[1] Defendant incorrectly argues that it revealed Ms. Kimondo's misconduct to Plaintiff in filing its Notice of Removal. Opposition at 2. Of course, simply indicating that Ms. Kimondo "apparently" withdrew the value of the annuity in October 2010 is not evidence of anything. *Id*. Only when Defendant provided documentary evidence of Ms. Kimondo's misconduct was Plaintiff put on notice of his sister's breach of fiduciary duty.

Should the Court deny the motion and allow this matter to proceed in federal court without joinder of Ms. Kimondo, Plainitiff will be forced to pursue costly and laborious litigation in two forums simultaneously. In the process, Plaintiff will trouble two separate courts with the same factual and legal issues. On the other hand, if the Court were to grant Plaintiff's motion and remand the matter to state court, Defendant would suffer absolutely no prejudice whatsoever. Meanwhile, by granting the instant motion, the Court would allow Plaintiff to efficiently litigate his claims against the defendants who share common questions of fact and which involve the same transaction or occurrence. Therefore, given that the standard for permissive joinder under Rule 20 is satisfied, the Court should grant the instant motion to prevent undue prejudice to Plaintiff and create a path to the efficient resolution of this matter without wasting judicial resources in two separate forums.

## CONCLUSION

For the above described reasons, this Court should grant Plaintiff's motion for leave to amend the complaint, join Ms. Kimondo as a defendant, and remand the matter to Los Angeles Superior Court for lack of subject matter jurisdiction.

Respectfully submitted,

Dated: 10/26/20                                                By:_____

Peter Borenstein

Attorney for Plaintiff

JOHN NJOROGE

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT – NJOROGE V. CNO SERVICES, LLC

5